IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD HARSHBARGER, and TERESA HARSHBARGER, | |
| Plaintiffs, | 8:18CV425 |
| vs. | MEMORANDUM AND ORDER |
| NEON GARDEN VALLEY MHP LLC., | |
| Defendant. | |

Plaintiff Richard Harshbarger ("Plaintiff") filed his Complaint on September 10, 2018. (Filing No. 1.)[1] He has been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's Complaint[2] to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff filed this action on behalf of himself and Teresa Harshbarger ("Teresa") against Neon Garden Valley MHP LLC ("Defendant"). Liberally construed, Plaintiff alleges his mobile trailer went without power for ten days during which he received an "eviction" in violation of the Fair Housing Act, 42 U.S.C. §§ 3601–3619. (Filing No. 1 at CM/ECF p. 4.)

---

[1] The Complaint was unsigned upon filing. (*See* Filing No. 1.) Plaintiff filed a signed copy of the Complaint in response to the Notice of Deficiency entered by the clerk of court. (*See* Filing No. 1-1.)

[2] For purposes of this initial review, the Complaint includes Plaintiff's supplement (filing no. 7) filed on March 14, 2019.

In his Complaint, Plaintiff does not specify the relief he seeks but rather refers to an "Amended Answer and Counterclaim – CI1723020." (*Id*.) A search of Nebraska state court records, available to this court online through the Nebraska Judicial Branch's JUSTICE website, reveals that Plaintiff is referring to an action between Plaintiff, Teresa, and Defendant in the County Court of Douglas County, Nebraska in which Defendant is seeking restitution of the mobile trailer pad leased to Plaintiff and Teresa and damages for their alleged breach of the lease agreement. The alleged breach is based on Plaintiff and Teresa, or a person within their control, engaging in activity or threatened activity which threatened the health or safety of any person or involved threatened, imminent, or actual damage to the property.

Plaintiff and Teresa, through counsel, filed an Amended Answer and Counterclaim on December 22, 2017, denying they breached the lease agreement and seeking $230 in monetary damages for Defendant's failure to furnish electricity to their mobile trailer between November 7 and November 17, 2017. On December 22, 2017, an order for restitution of premises was entered by the Douglas County Court in favor of Defendant, and a writ of restitution was issued on or about March 18, 2019, though it is unclear if Plaintiff has been removed from the property. At present, the state court action is set for bench trial on May 29, 2019. The court takes judicial notice of the state court records related to this case in *NEOM[3] Garden Valley MHP, LLC, d/b/a Garden Valley Court v. Richard A. Harshbarger and Teresa Harshbarger*, No. CI17-23020, County Court of Douglas County, Nebraska. See *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

Plaintiff's supplement (filing no. 7), as best the court can tell, further alleges that Teresa is cooperating with Defendant to obstruct Plaintiff's lawsuits and efforts to hold Defendant accountable. Plaintiff also alleges: "I lost my home at no fault of mine but what I've already presented to them [Defendant] they knew that I

---

[3] The court notes that, based on the state court records, Defendant's corporate name is misspelled in the caption.

had intermittent explosive disorder they have the paperwork from the doctor and had it in my file they knew that I had the intermittent explosive disorder." (*Id.* at CM/ECF p. 2 (punctuation as in original).)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

### A. Co-Plaintiff Teresa Harshbarger

As an initial matter, Plaintiff named Teresa as a plaintiff in the caption of his Complaint, but Teresa did not sign the Complaint. (*See* Filing No. 1-1.) The court can reasonably infer from Plaintiffs' allegations that Teresa is Plaintiff's spouse.

Plaintiff cannot represent Teresa's interests in federal court. First, Federal Rule of Civil Procedure 11(a) requires that all pro se parties to a case sign every pleading, written motion, and other paper that they submit to the court. Rule 11(a) helps to ensure that pro se parties consent to the filing of documents on their behalf. *See United States v. Brenton*, No. 8:04CR262, 2007 WL 3124539, at *1-2 (D. Neb. Oct. 23, 2007) (discussing *Johnson v. O'Donnell*, No. 01-C-0257-C, 2001 WL 34372892 (W.D. Wis. Aug 24, 2001)). Second, it is improper for a non-lawyer to sign papers in place of, or to otherwise represent, parties other than themselves. *See id*. at *1 (citing 5A C. Wright & A. Miller, Federal Practice and Procedure § 1333, at 513 & n.15 (2004)). Thus, the court does not consider Teresa as a plaintiff in this action.

### B. Fair Housing Act

The Fair Housing Act ("FHA") prohibits discrimination "against any person in terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). In addition, the FHA "prohibits discrimination, based on handicap, against any person with respect to the rental of a dwelling or the provision of related services or facilities." *Neudecker v. Boisclair Corp.*, 351 F.3d 361, 363 (8th Cir. 2003) (citing 42 U.S.C. § 3604(f)(2)). A tenant subjected to discrimination in violation of the FHA can bring a private cause of action for damages. 42 U.S.C. § 3613; *Neudecker*, 351 F.3d at

363. "[A]n action brought for compensation by a victim of housing discrimination is, in effect, a tort action." *Meyer v. Holley*, 537 U.S. 280, 285 (2003).

Here, Plaintiff's allegations in his supplement that he lost his home through no fault of his own and Defendant knew of his "intermittent explosive disorder" may possibly be Plaintiff's attempt to assert a handicap discrimination claim under the FHA. (*See* Filing No. 7.) However, Plaintiff offers no factual content that would allow the court to draw the reasonable inference that Defendant discriminated against him based on a handicap or Plaintiff's membership in any other protected class. Thus, Plaintiff has not stated a cognizable claim under the Fair Housing Act.

**C. *Younger* Abstention**

The court declines to give Plaintiff an opportunity to amend his Complaint to state a cognizable claim for relief because the court concludes that abstention would be appropriate based on *Younger v. Harris*, 401 U.S. 37, 43–45 (1971). Under *Younger*, abstention is mandatory where: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue open for review of constitutional claims in the state court. *See Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004) ("Under *Younger v. Harris*,[] federal courts should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism.")

Here, each of the three *Younger* conditions is satisfied. First, the state proceedings are ongoing. Second, disputes concerning eviction and landlord-tenant proceedings implicate important state interests. *See Newell v. Rolling Hills Apartments*, 134 F. Supp. 2d 1026, 1036 (N.D. Iowa 2001) ("[W]here the state has so extensively regulated the relationship between private parties, as it has in landlord-tenant law, the state has the further interest in determining, in the first instance, what defenses may appropriately be raised to a forcible entry and detainer

action.") Third, there is no indication that the state courts could not afford Plaintiff the opportunity for judicial review of any discrimination claim (whether statutory or constitutional). Accordingly, the court finds abstention appropriate and, therefore, will not allow Plaintiff an opportunity to amend his Complaint.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint ([filing no. 1](filing no. 1)) is dismissed without prejudice.

2. The court will enter judgment by a separate document.

Dated this 6th day of May, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge