IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD HARSHBARGER, and TERESA HARSHBARGER,<br><br>Plaintiffs,<br><br>vs.<br><br>NEON GARDEN VALLEY MHP LLC.,<br><br>Defendant. | 8:18CV425<br><br><br>MEMORANDUM AND ORDER |

This matter is before the court on Plaintiff Richard Harshbarger's "Motion to Reinstate" which the court liberally construes as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). (Filing 10.) The court dismissed this matter without prejudice on May 6, 2019, after determining that Plaintiff failed to state a cognizable claim under the Fair Housing Act and that abstention was appropriate based on then-pending state court proceedings. (Filings 8 & 9.) No appeal was filed.

On September 2, 2020, Plaintiff filed the present motion which appears to be a copy of a motion he filed in the County Court of Douglas County, Nebraska. (Filing 10.) The motion is difficult to decipher, but Plaintiff alleges, "I'm doing this so I can get proper judgment. . . . That is true without further proof that Neom Garden Valley MHP forced abandonment . . . [and] at no fault that I lost my home . . . [and] I've been homeless going on two years." (*Id.* at CM/ECF p. 3 (spelling and capitalization corrected).)

Rule 60 of the Federal Rules of Civil Procedure provides in relevant part:

**(b)    Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a

> party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.
>
> **(c) Timing and Effect of the Motion.**
>
> (1) *Timing*. A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed.R.Civ.P. 60.

Because the court's judgment was entered on May 6, 2019, more than one year before Plaintiff filed this Rule 60(b) motion, no relief is available under subsections (b)(1), (2), and (3). *See* Fed. R. Civ. P. 60(c)(1). Nor do Plaintiff's allegations suggest that relief would be appropriate under subsections (b)(4) or (5).

In addition, Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (internal quotation omitted). The provisions of Rule 60(b) are "grounded in equity and exist[] to prevent the judgment from becoming a vehicle of injustice." *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (internal quotation omitted). It is well-established that "Rule

2

60(b)(6) authorizes relief only in the most exceptional of cases." *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007) (internal quotation omitted). Relief under the catch-all provision of the rule "is exceedingly rare as relief requires an 'intrusion into the sanctity of a final judgment.'" *Id.* at 868 (quoting *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999)). Plaintiff's confusing allegations do not show the existence of any exceptional circumstances.

Finally, to the extent Plaintiff's motion could be construed as a motion under Rule 59 of the Federal Rules of Civil Procedure, the motion is also untimely. "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

IT IS THEREFORE ORDERED that: Plaintiff's Motion to Reinstate, construed as a motion for relief from judgment (filing 10), is denied.

Dated this 9th day of September, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge